UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:19-CR-21-REW-HAI |
| v. | ) | |
| | ) | |
| DAVID C. HUFF, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition (DE #15) of United States Magistrate Judge Hanly A. Ingram, addressing Defendant David C. Huff's guilty plea as to Count 1 of the Information (DE #11). Defendant appeared before Judge Ingram on April 25, 2019. *See* DE #14 (Minutes). After waiving his right to prosecution by Indictment (both in writing and orally, all under oath and on the record, *see* DE ##13 & 14), consenting to plead before a United States Magistrate Judge (*see* DE #12), and engaging in the full colloquy required by Rule 11, Huff proceeded to plead guilty to Count 1. *See* DE #15 at ¶¶ 1–2. Judge Ingram found Defendant competent to plead and concluded that Defendant did so in a knowing and voluntary fashion; he further found that an adequate factual basis supported the plea as to each essential element of the charged offense. *Id.* at ¶¶ 2–3. Accordingly, Judge Ingram recommended the Court accept Defendant's plea and adjudge him guilty of the offense charged in Count 1 of the Information, the sole count. *Id.* at ¶ 4. Judge Ingram deferred acceptance of the plea agreement pending consideration attendant to final sentencing. *Id.* at ¶ 5.

Per DE #15, Judge Ingram permitted the parties until April 25, 2019, no later than 12:00 p.m., to object to the Recommendation. *Id.* at 3. Huff has not objected; nor has the United States.

While this Court reviews *de novo* those portions of a Report and Recommendation to which a party objects, *see* 28 U.S.C. § 636(b)(1), it is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommended disposition, they waive any right to review. *See* Fed. R. Crim. P 59(b)(2); *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits his right to appeal its adoption).

The Court thus **ADOPTS** the Recommended Disposition (DE #15), accepts Huff's guilty plea, and **ADJUDGES** Huff guilty of Count 1 of the Information.[1] An Order scheduling Defendant's sentencing will follow.

This the 26th day of April, 2019.

Signed By:
*Robert E. Wier* REW
United States District Judge

---

[1] Judge Ingram noted that the Court would address Defendant's custodial status, as necessary, upon DE #15 review. *See* DE #15 at ¶ 6. Huff has remained in continuous custody since his initial appearance in this case, *see* DE #4 at 2, and defense counsel requested (and was granted) a general continuance of the detention issue at the preliminary hearing, *see* DE #7. Given the Court's acceptance of Huff's guilty plea and adjudication of Huff as guilty of the 18 U.S.C. § 1201(a) offense at this time, and the § 1201(a) maximum potential penalty, § 3143(a)(2) directs post-plea detention pending sentencing under the present circumstances. *See* § 3142(f)(1)(B). The Court thus finds continued detention appropriate here.